## THE TAWMIE.

### O'BRIEN v. THE TAWMIE.
#### No. 1533.

District Court, S. D. Texas, Galveston Division.

Jan. 22, 1935.

Brantly Harris and George W. Coltzer, both of Galveston, Tex., for libelant.

Lockhart, Hughes & Lockhart, of Galveston, Tex., for claimant.

KENNERLY, District Judge.

This is a libel in rem by Frank O'Brien (hereinafter called libelant), a seaman on the Yacht Tawmie to recover against the yacht, damages, maintenance and cure and wages for an alleged injury on the yacht on September 5, 1934. The yacht was seized in this jurisdiction, and released to the Oklahoma Yacht Club (claimant) upon

claimant filing stipulation with the Ætna Casualty & Surety Company as surety. Thereafter, claimant filed answer, placing in issue the material allegations in the libel.

Findings of Fact and Conclusions of Law under Admiralty Rule 46½.

1. Prior to September 5, 1934, libelant was employed as an A. B. seaman on the Yacht Tawmie for a sea voyage from Galveston, Tex., to Aransas Pass, Tex., and return, both within this District, at wages of $75 per month.

2. The Tawmie is a passenger vessel, carrying passengers for hire. According to the evidence, it was not practical to operate the vessel without some means of destroying mosquitoes, which entered the staterooms and other sleeping quarters, to prevent them from annoying passengers, and therefore supplies of small 35 cent each Hudson spray guns, loaded with some kind of lotion, were purchased and carried for that purpose by the vessel, as part of its equipment. Such spray guns were a necessary and essential part of the vessel's equipment. The kind purchased from time to time were a cheap, and not a substantial, kind of spray guns, the substantial kind costing from 50 cents to 75 cents, or more, each. The particular spray gun so furnished by respondent, and being used by libelant when he was injured, was defective.

3. September 5, 1934, about 8 p. m., while on such voyage, libelant found the portholes of the staterooms open, reported same to the master, and was ordered by the master to close them. In doing so, he discovered that the staterooms contained mosquitoes, and so reported to the master. The passengers being at that time at dinner, the master ordered libelant to get one of the several spray guns, and to spray the staterooms and rid them of mosquitoes before the guests returned from dinner. While libelant was doing so, the spray gun broke, and came apart, severely cutting and injuring the middle or third finger on libelant's right hand, causing libelant much pain and suffering over a period of about sixty days, and resulting in such finger becoming permanently stiff. Such finger is approximately 25 per cent. disabled; that is to say, that libelant has lost permanently, to the extent of 25 per cent., the use of such finger.

4. After the injury, libelant continued on the voyage, and was treated by the master from time to time, and upon returning to Galveston, after nine or ten days, became an outside patient in the Marine Hospital, and was under treatment there until about November 11, 1934, when he was discharged. During the time he was such outside patient, he neither remained in nor took his meals at the hospital, but obtained his meals and slept outside. The reasonable cost and value of such meals and his quarters, etc., during such time, was $2 per day.

5. The proximate cause of such injury to libelant's finger was the negligence of the master, owners, crew, and operators of the yacht:

(a) In furnishing libelant with a defective spray gun, and failing to furnish libelant with a proper spray gun that was not defective, with which to perform the work he was ordered to perform by the master.

(b) In not inspecting such spray gun before it was furnished to libelant to perform such work.

Conclusions of Law.

I conclude that under the facts libelant is entitled to recover the sum of $1,000, and judgment will be so entered.